IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ARDELL SMITH,<br><br>    Plaintiff,<br><br>    vs.<br><br>SACRAMENTO METRO<br>PAROLE DIVISION, et al.,<br><br>    Defendants.<br>_____/ | No. CIV S-07-1654-GEB-CMK<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ." Because

1

plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

Plaintiff's complaint names three defendants: Agent Glenda Page, Williams and Dr. Niggat Zaka. He attempts to also name the Sacramento Metro Parole Division.[1] The complaint seems to allege he was harassed by parole officers in Sacramento, and that he was told to accept psychiatric medication.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). When applied to a complaint, the term "frivolous" embraces both the inarguable legal conclusion and the fanciful factual allegation. See Neitzke, 490 U.S. at 325. The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327. The critical inquiry is

---

[1] Plaintiff's complaint does not mention the Sacramento Metro Parole Division, but it is named on the Civil Cover Sheet (Doc. 1).

1 whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual
2 basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.
3 The court need not accept the allegations in the complaint as true, but must determine whether
4 they are fanciful, fantastic, or delusional.  See Denson v Hernandez, 504 U.S. 25, 33 (1992)
5 (quoting Neitzke, 490 U.S. at 328).  Finally, a complaint may be dismissed as frivolous if it
6 merely repeats pending or previously litigated claims.  See Cato v. United States, 70 F.3d 1103,
7 1105 n.2 (9th Cir. 1995).

Plaintiff's allegations in his complaint are vague, frivolous, delusional and incomprehensible.  Plaintiff's claims, in so far as they are comprehensible, amount to no more than fanciful factual allegations.    Plaintiff's complaint consists of a one page, hand written paper in which he states:

> I was harrassed by the three staff at the office, i was very uncomfortable, knowing they were up to know good, I was sexual played by sike Dr., and the two agent, force to adspet the sike medication repeatively i was threaten, over, over agin to adspet the medication.  I was told, took to CDC, state the three said i would get out for one year cause i would adsept the medicaiton or do what I'm told to have mind sex with each party out the three, or show us something.  1 year i did in state prison no crime or violation. [sic]

Complaint at 1 (all errors in original).  None of the allegations in the complaint can be found to have a factual basis, and are therefore frivolous.

In addition, plaintiff fails to specify any specific defendants' actions in his complaint.  His complaint makes vague and conclusory allegations that he was "harassed by the three staff at the office" and that he was "threaten over, over agin to adspet [sic] the medication." See Complaint at 1.  Plaintiff does not name any individual defendant in the body of his complaint, nor does he make any specific allegations as to any of the named defendants. Therefore, plaintiff fails to allege any actual connection or link between the actions of the named defendants and the alleged deprivations.

/ / /

1    Moreover, the Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

The Eleventh Amendment also bars actions seeking damages from state officials acting in their official capacities. See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities. See id. Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities. See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). The Eleventh Amendment also does not bar suits against cities and counties. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.54 (1978).

In so far as plaintiff attempts to name the Sacramento Metro Parole Division as a defendant to this action, this claim would be barred by the Eleventh Amendment. The Sacramento Metro Parole Division would be considered a state agency responsible for incarceration and correction of prisoners, and would be exempt from suit.

Plaintiff's complaint contains only vague and frivolous claims, which fails to link any specific action of a defendant with an alleged deprivation. In addition, plaintiff names a defendant who would be exempt from suit by the Eleventh Amendment.

/ / /

/ / /

4

1       Because it does not appear possible that the deficiencies identified herein can be
2 cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of
3 the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
4       Based on the foregoing, the undersigned recommends that plaintiff's complaint be
5 dismissed without leave to amend, and this matter be closed.
6       These findings and recommendations are submitted to the United States District
7 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
8 after being served with these findings and recommendations, any party may file written
9 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
10 Findings and Recommendations."  Failure to file objections within the specified time may waive
11 the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13 DATED:  September 6, 2007.

15                                       **CRAIG M. KELLISON**
16                                       UNITED STATES MAGISTRATE JUDGE